UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LEE INVESTMENTS LLC d.b.a THE ISLAND, a California limited liability company and DIANA CONLEY, an individual,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY COMPLAINTS. | 1:99-cv-5583 OWW SMS<br><br>ORDERS ON LEE INVESTMENT LLC'S MOTIONS IN LIMINE<br>MOTION NO. 1 = DOC. NO. 423<br>MOTION NO. 2 = DOC. NO. 424<br>MOTION NO. 3 = DOC. NO. 425<br>MOTION NO. 4 = DOC. NO. 426<br>MOTION NO. 5 = DOC. NO. 427<br>MOTION NO. 6 = DOC. NO. 428<br>MOTION NO. 7 = DOC. NO. 429<br>MOTION NO. 8 = DOC. NO. 431<br>MOTION NO. 9 = DOC. NO. 432<br>MOTION NO. 10= DOC. NO. 439<br>MOTION NO. 11= DOC. NO. 441<br>MOTION NO. 12= DOC. NO. 442<br>MOTION NO. 13= DOC. NO. 443<br>MOTION NO. 14= DOC. NO. 444<br>MOTION NO. 15= DOC. NO. 445<br>MOTION NO. 16= DOC. NO. 446<br>MOTION NO. 17= DOC. NO. 447<br>MOTION NO. 18= DOC. NO. 448<br>MOTION NO. 19= DOC. NO. 449 |

　　　Lee Investment LLC's ("Lee") Motions in Limine came on regularly for hearing before the undersigned on January 12, 17, and 18, 2007.  Having considered the papers, evidence, and arguments submitted in support and in opposition to the motions, and good cause appearing,

　　　IT IS ORDERED as follows:

　　　1.　　Lee's Motion in Limine No. 1 is denied insofar as it

seeks to dismiss this action at this time for lack of subject matter jurisdiction, but United States Fidelity & Guaranty Company (USF&G) shall be required to establish subject matter jurisdiction at trial.

2.  Lee's Motion in Limine No. 2 is denied upon counsel for USF&G and American Specialty Insurance Services, Inc. (ASI) confirming the conditional stipulation of the parties that a judgment against American Specialty Insurance Services, Inc., will include American Specialty Insurance & Risk Services, Inc. Otherwise the motion is granted and the new party should be substituted for ASI.  The parties further stipulated that reference to "American Specialty Insurance Services, Inc." during the trial will include reference to "American Specialty Insurance & Risk Services, Inc." and it is so ORDERED.

3.  Lee's Motion in Limine No. 3 is granted without prejudice to the parties making a showing outside the presence of the jury that Mr. Ehrlich's conviction is relevant and that the probative value of it substantially outweighs the prejudicial effect and that this is one of the very rare and exceptional circumstances that warrant admitting evidence of a thirty-year old conviction.

4.  Lee's Motion in Limine No. 4 is granted in part and denied in part.  Upon proper foundation, the <u>Fresno Bee</u> article in question may be admitted in its redacted form as attached hereto.  If further foundation is properly laid outside the presence of the jury as to the relevance and admissibility of the redacted language, then it may be admitted into evidence.

5.  Lee's Motion in Limine No. 5 is granted in part and

2

denied in part. USF&G/ASI and Aon may make inquiry into Ms. Ehrlich's relevant experience in litigating insurance cases The actual pleadings related to these disputes shall not be introduced into evidence, but may be used for impeachment and/or to refresh recollection.

    6. Lee's Motion in Limine No. 6: Withdrawn experts are the subject of a separate stipulation of the parties and Lee's Motion in Limine No. 6 is therefore withdrawn.

    7. Lee's Motion in Limine No. 7 is granted. Zygner's report is not relevant and contains inadmissible hearsay. It was never provided to Lee until discovery in this matter, thus it cannot serve as the basis for what Lee knew or did not know regarding the reasons for cancellation of the Industrial Indemnity policy. The parties are free to admit testimony from Zygner as far as what he observed. The report may be used to refresh recollection if Zygner testifies. To the extent that any party can show the report was in the possession of or reviewed by any other party, the report may be admissible against the party that had possession of the report and/or reviewed it, subject to further rulings by the Court. Upon proper foundation, portions may be read into evidence, but it will be considered on a paragraph by paragraph basis. Otherwise, the report is inadmissible.

    8. Lee's Motion in Limine No. 8 is granted. The OSHA report is not admissible and its exhibits/attachments, including the citation, are not admissible. They are irrelevant since the mechanism of Conley's accident is not an issue herein as discussed in more detail in the Court's Order on Lee's Motion in

Limine No. 14. The parties stipulate to the following: "On February 22, 1999, at approximately 1:00 p.m., Diana Conley received serious head and neck injuries when a 'spreader bar' used for lifting large fiberglass water slide sections, fell on her back and neck. The incident occurred in a maintenance and storage yard outside the main park.

    9. Lee's Motion in Limine No. 9 is granted. Lee's accident reports are not admissible. They are hearsay and irrelevant since the mechanism of Conley's accident is not an issue herein as discussed in more detail in the Court's Order on Lee's Motion in Limine No. 14 below (they may be used to refresh witnesses recollection and/or impeach, but shall not be admitted).

    10. Lee's Motion in Limine No. 10 is denied without prejudice to Lee objecting to the introduction by any party of forms, policies, rules and procedures of USF&G, the program Manual, and ASI's Underwriting Manual referenced at pages 4 and 15 of the Producer Agreement between Underwriters and American Specialty Consortium to the extent such documents are not on the exhibit list or are on the exhibit list but were not previously produced if request was made for their production.

    11. Lee's Motion in Limine No. 11 is denied. On a related matter, the Court finds that there is no dispute that ASI was the managing general agent for USF&G and for the policy in dispute, but the scope of ASI's authority and whether ASI assumed duties to Lee remains in issue.

    12. Lee's Motion in Limine No. 12 is granted in part and denied in part. The pleadings concerning the litigation between

4

1  Rexford Development Corporation ("Rexford") and Lee Investments,
2  LLC, on the one hand, and Whitewater West Industries, LTD
3  ("Whitewater") on the other hand are inadmissible.  The parties,
4  however, may offer testimony concerning the dispute between
5  Whitewater and Rexford and Lee, and the settlement of the same.
6  USF&G, ASI, and/or Aon may, if the document is otherwise
7  admissible, also introduce into evidence the statement in the
8  "Outline Settlement Agreement" between Rexford Properties, LLC
9  and Whitewater West Industries, LTD that reads,

> "Any and all additional construction required to finish the construction of the slides and/or appurtenances of the slides to receive code approval including a permanent certificate of occupancy will be the responsibility of Rexford Properties, LTD.  Whitewater West Industries, LTD will have no further responsibility to construct, fabricate, or assemble, any structures at the facility "The Island."

And USF&G, Aon and ASI may introduce a sufficient number of additional pages of the Settlement Agreement to allow a witness to authenticate it, and to make the document, and the context of the dispute and settlement, understandable to the jury.

    13.  Lee's Motion in Limine No. 13 is granted as to Paul Leslie's letter dated June 25, 1998, to Richard Ehrlich and Geoff Chutter's letter dated February 24, 1999, to Richard Ehrlich.  It is denied as to Paul Leslie's letter dated August 12, 1998, to Richard Ehrlich, Lisa Ehrlich's letter dated August 12, 1998, to Paul Leslie, and Lisa Ehrlich's letter dated October 28, 1998, to Paul Leslie.  As to the letters that have been excluded, there shall be no evidence, argument or reference before the jurors or prospective jurors to the letters or their contents.

    14.  Lee's Motion in Limine No. 14 is granted in part and

5

denied in part.  The motion is granted to the extent that there will be no testimony or documentary evidence concerning the exact mechanism of Ms. Conley's injuries or the nature and extent of her injuries.  Specifically, there will be no evidence concerning the "reason" the cable fell, no close up pictures of the forklift tines, etc.  It is denied insofar as counsel will be able to introduce evidence concerning the task(s) that Ms. Conley was performing at or near the time of the accident at issue, what kind of equipment was present, and what, in a very general sense, happened that caused the injury.

    15.  Lee's Motion in Limine No. 15 is granted in part and denied in part.  The following matters have not been removed from the case by Judge Coyle's Order, or otherwise:

        a.  Whether or not USF&G, ASI and/or Aon understood Lee's August 12, 1998 letter to ASI to mean Lee would not do water slide assembly.

        b.  Whether or not USF&G, ASI and/or Aon understood Lee's August 12, 1998 letter to ASI to mean Lee would not do water slide repair and maintenance.

        c.  Whether USF&G and ASI reasonably relied on Lee's statements in the August 12, 1998 letter in issuing the policy.

        d.  Whether Lee's statements and/or concealments were made by Lee negligently, whether Lee acted recklessly with regard to whether they were false, and whether Lee acted intentionally or knowingly, when the level of scienter, if any, was formed.

        e.  Whether, on or about August 12, 1998, Lee had present knowledge of what information ASI and USF&G were seeking concerning the types of work that would be performed by Lee

6

employees at The Island.

  f. Whether, on or about August 12, 1998, Lee appreciated the significance of the information related to it by Aon concerning what USF&G's underwriting position was.

  g. Whether ASI, in inquiring about the types of work that would be performed by Lee employees, used conspicuous, unambiguous and unequivocal language which an ordinary layman could understand.

  h. The court reserves ruling on whether or not the proposal of or use of a limiting policy endorsement is relevant to any issue in the case.

  i. The Court reserves ruling on USF&G's right to restitution pending the determination of the jury upon the issues in the case.

  j. Waiver on all grounds consistent with Lee's original affirmative defense remains in issue in this case.

 16. Lee's Motion in Limine No. 16 is denied without prejudice to Lee submitting a jury instruction that the August 1998 letters may not be considered or used to contradict or vary the integrated insurance policy insofar as that policy insured water park classification codes.

 17. Lee's Motion in Limine No. 17 is granted.  USF&G, ASI, Aon and their witnesses are ORDERED not to introduce evidence, argue or mention to the jurors or prospective jurors that Rexford Development Corporation, Rexford Properties, LLC or Richard Ehrlich have been sued in this lawsuit as alleged alter egos for Lee; there shall be no mention, argument or attempt to introduce evidence in the first phase trial on the issue whether or not any

7

of Rexford Development Corporation, Rexford Properties, LLC, or Richard Ehrlich are liable in place of Lee, and there shall be no mention of these parties' assets or perceived ability to pay a judgment.  The jury shall be instructed at the outset that while Richard K. Ehrlich, Rexford Development Corporation and Rexford Properties LLC are parties to the action, the jurors shall not be presented with any issues to decide as to any of them and Lee is the only party to the trial who seeks relief or against whom relief is sought in this phase of the trial.

18.  Ruling on Lee's Motion in Limine No. 18 is deferred until shortly before jury selection.  USF&G's claim for restitution of amounts paid in the defense of Lee in the related Workers' Compensation Appeals Board proceeding should be addressed in the second phase trial.

19.  Lee's Motion in Limine No. 19 is granted.  There shall be no mention of and no documentary evidence or testimony before the jury or prospective jurors relating to any collateral source of funds for the payment of benefits or damages to Ms. Conley, including, without limitation, the Uninsured Employer's Trust Fund or a civil action by Conley against Lee.  The Court will address by declaratory judgment the rights and liabilities of the parties as to claims, if any, that might be asserted against Lee in the future by Conley or any other person or entity.

DATED: February 1, 2007.

_/s/ OLIVER W. WANGER_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

usf&g v. lee les order re mtns in limine