Margaret L. Parker (Bar No. 129897)
Matthew S. Covington (Bar No. 154429)
Stephen A. Chiari (Bar No. 221410)
**DLA PIPER US LLP**
153 Townsend Street, Suite 800
San Francisco, CA  94107-1957
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Third-Party Defendant
AON RISK SERVICES, INC. OF CENTRAL
CALIFORNIA INSURANCE SERVICES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEE INVESTMENTS, LLC dba THE ISLAND, a California limited liability company, and DIANA CONLEY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | CASE NO.  1:99-cv-5583 OWW SMS<br><br>**ORDER CONCERNING AON'S MOTION IN LIMINE NO. 1, TO EXCLUDE CERTAIN TESTIMONY OF ARTHUR J. LEVINE**<br><br>Date:  January 30, 2007<br>Time:  9:00 a.m.<br>Dept:  Courtroom 3<br>Judge: The Honorable Oliver W. Wanger |

On Thursday, January 18, 2007, Motion in Limine No. 1 by Aon Risk Services, Inc. of Central California Insurance Services ("Aon") to Exclude Certain Testimony of Arthur J. Levine came on for hearing.  Bruce T. Smyth of Charleston, Revich & Chamberlin, LLP appeared on behalf of plaintiff United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services ("ASI").  Daniel O. Jamison and Keith M. White of Dowling, Aaron & Keeler appeared on behalf of defendant Lee Investments, LLC ("Lee").  Matthew S. Covington

DLA PIPER US LLP
SAN FRANCISCO

SF\3133762.1   [PROPOSED] ORDER CONCERNING AON'S MOTION IN LIMINE NO. 1, TO EXCLUDE CERTAIN TESTIMONY OF ARTHUR J. LEVINE   CASE NO. 1:99-cv-5583 OWW SMS

PDF created with pdfFactory trial version www.pdffactory.com

1  of DLA Piper US LLP appeared on behalf of defendant Aon.  The Court, having considered the
2  moving and opposing papers and the arguments of counsel, hereby orders that Aon's motion in
3  limine no. 1 to exclude certain testimony of Arthur J. Levine is granted, as follows:
4      1.     Under Rule 37(c)(1), and all other relevant authorities, Arthur J. Levine is
5  precluded from testifying to any opinions regarding the broker standard of care, or Aon's alleged
6  breach(es) of the same, or any other opinion concerning Aon as set forth in Aon's moving papers,
7  except as provided in paragraph 2 below.
8      The Court makes the factual and legal findings set forth on the record during the hearing
9  of this matter and adopts the same as part of this order, as if fully set forth herein.  Among other
10 things, the Court finds that a) the stricken opinions of Mr. Levine's opinions were not fairly
11 disclosed in his original or supplemental expert report, and that Lee did not avail itself of the
12 opportunity to supplement Mr. Levine's report in December 2005 as permitted in a ruling by
13 Magistrate Snyder; b) Lee's failure to disclose and failure to supplement were not substantially
14 justified;  c) the failure to disclose and failure to supplement were prejudicial to Aon;
15 notwithstanding the fact that Aon's counsel deposed Mr. Levine concerning his opinions, Aon did
16 not have the time or opportunity to retain its own expert to assist Aon's counsel, and/or to prepare
17 a report and testify, concerning the specific opinions offered by Mr. Levine on complex topics;
18 d) there was no other means for Aon to compel further disclosure or seek redress under Rule
19 37(a)(2)(A) because the discovery motion cut-off period had passed; and e) under Rule 37(c)(1),
20 exclusion of Mr. Levine's opinions is an appropriate sanction and a lesser sanction is not
21 appropriate or warranted.
22     2.     Arthur J. Levine may testify concerning Paragraph 23 of his February 23, 2002
23 expert report wherein he states:
24     "the only source of classification information is generally the agent or
25     broker (i.e. producer).  The producer will (or should) list the classifications
26     currently assigned by the WCIRB on the application submitted to the
27     insurer.  Producers should not, and generally in the exercise of due
28

PDF created with pdfFactory trial version www.pdffactory.com

diligence do not, rely upon the classification information provided by the policy holder, since the latter is not qualified to make such an assignment. Nor should the insurer rely upon classification information provided by the producer…"

With respect to this subject matter, Mr. Levine may state what he believes the broker's role to be, but he may not define a standard of care, nor state that any standard of care was breached. (*See* January 18, 2007 Transcript, p. 432.)

IT IS SO ORDERED.

Dated: February 1, 2007

By:__/s/ OLIVER W. WANGER_____
The Honorable Oliver W. Wanger
United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com