|   |   |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>LEE INVESTMENTS LLC d.b.a THE ISLAND, a California limited liability company and DIANA CONLEY, an individual,<br><br>          Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY COMPLAINTS.<br>_____ | 1:99-cv-5583 OWW SMS<br><br>ORDER CONCERNING AON'S MOTION IN LIMINE NO. 4 TO EXCLUDE THE TESTIMONY OF EDGAR CLARK |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

On Friday, January 12, 2007, Motion in Limine No. 4 by Aon Risk Services, Inc. of Central California Insurance Services ("Aon") to Exclude the Expert Testimony of Edgar Clark, came on for hearing.  Bruce T. Smyth of Charleston, Revich & Chamberlin, LLP appeared on behalf of Plaintiff United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services, Inc. ("ASI").  Daniel O. Jamison and Keith M. White of Dowling, Aaron & Keeler appeared on behalf of Defendant Lee

Investments, LLC ("Lee").  Matthew S. Covington of DLA Piper US LLP appeared on behalf of Defendant Aon.  The Court, having considered the moving and opposing papers and the arguments of counsel, hereby orders that Aon's motion in limine No. 4 to exclude the testimony of Edgar Clark is denied in part and granted in part, as follows:

    1.  The motion is granted as to any statements that Aon had a "duty" to Lee.  Mr. Clark shall not be permitted to testify that Aon had a particular "duty," or a "fiduciary duty," to Lee or any other party.  However, Mr. Clark may testify about the standards of performance for an insurance broker, provided that he stated those opinions in his deposition and/or expert report.

    2.  The motion is granted as to any opinions as to what Aon should have done under the circumstances.  Mr. Clark shall not be permitted to opine that Aon should have undertaken certain steps such as remarketing the insurance policy on behalf of Lee.  However, Clark may opine as to whether the applicable standard of care required remarketing the policy and whether Aon complied with the standard.

    3.  The motion is granted as to Mr. Clark's opinion that Aon should have obtained from Lee a written acknowledgment of USF&G's underwriting position.

    4.  In all other respects, the motion is denied.

DATED:  February 1, 2007.

/s/ OLIVER W. WANGER_____
    Oliver W. Wanger
**UNITED STATES DISTRICT JUDGE**

usf&g v. lee aons order on mtn in limine 4