UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>LEE INVESTMENTS LLC d.b.a THE ISLAND, a California limited liability company and DIANA CONLEY, an individual,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY COMPLAINTS. | 1:99-cv-5583 OWW SMS<br><br>ORDER GRANTING MOTION IN LIMINE NO. 11 OF USF&G AND AMERICAN SPECIALTY TO EXCLUDE EVIDENCE PERTAINING TO NEWLY RAISED CLAIMS AND NEW AFFIRMATIVE DEFENSES |

On January 12, 2007, Motion in Limine No. 11 of Plaintiff, Counterdefendant and Counterclaimant United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services, Inc. ("American Specialty") to exclude evidence of newly raised claims and defenses came on for hearing before the Honorable Oliver W. Wanger, United States District Judge.  After having considered the motion and moving papers submitted by USF&G and American Specialty and memorandum of points and authorities

in opposition of Lee Investments LLC ("Lee") and after oral argument,

IT IS ORDERED:

Motion in Limine No. 11 is granted.  Evidence and testimony of the following allegations are precluded:

1. The allegations made by Lee in the joint pretrial statement that USF&G and American Specialty breached a duty to use reasonable care, skill and diligence by: (a) failing to disclose to Lee that Aon was also an agent for USF&G and by breaching duties under the insurance policy; and (b) breaching the covenant of good faith and fair dealing by failing to timely seek cancellation or rescission of the subject policy.

2. The allegations by Lee that USF&G and/or American Specialty intentionally, recklessly or negligently concealed that: (a) Aon was a dual agent of both Lee and USF&G; (b) misrepresented that Aon was only Lee's agent; (c) misrepresented or concealed that American Specialty was still a wholesale co-broker with Aon in connection with the USF&G policy when it was not a front-end managing general agent for USF&G.

3. The claims for damages by Lee (a) for its unpaid attorneys' fees and expenses incurred in the Workers' Compensation proceeding in *Conley v. The Island*, WCAB Case No. SBR0288749 in this phase of the trial; (b) for attorneys' fees for bankruptcy counsel; (c) for damages for "potential exposure" to penalties and civil damages if Lee was later found to be an uninsured employer; (d) damages for loss of insurance coverage; (e) damages from "inaccurate experience modification;" (f) damages for "lost profits," (g) damages for lost opportunities

incurred and to be incurred; and (h) damages for "lost investment interest or returns."

    4.   The allegations of Lee that: (a) USF&G is not the real party in interest; (b) that Lee obtained the policy from USF&G under duress because USF&G allegedly delayed in raising issues contained in his August 11, 1998 correspondence to Aon; and (c) that the WCIRB failed to grant a reclassification of the accident.

DATED:   February 1, 2007.

                                     _/s/ OLIVER W. WANGER_____
                                         Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE

usf&gs order on mtn in limine 11