UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>    Plaintiff,<br><br> v.<br><br>LEE INVESTMENTS LLC d.b.a THE ISLAND, a California limited liability company and DIANA CONLEY, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY COMPLAINTS. | 1:99-cv-5583 OWW SMS<br><br>ORDER GRANTING MOTION IN LIMINE NO. 13 OF USF&G AND AMERICAN SPECIALTY TO BAR EVIDENCE AND TESTIMONY NOT IDENTIFIED BY LEE OR AON IN INTERROGATORY RESPONSES |

  On January 12, 2007, Motion in Limine No. 13 of Plaintiff, Counterdefendant and Counterclaimant United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services, Inc. ("American Specialty") to bar evidence and testimony not identified by Lee Investments LLC ("Lee") or Aon Risk Services, Inc. of Central California Insurance Services ("Aon") in interrogatory responses came on for hearing before the Honorable Oliver W. Wanger, United States District Judge.  After

1

having considered the motion and moving papers submitted by USF&G and American Specialty and memorandum of points and authorities in opposition of Lee and Aon and after oral argument,

IT IS ORDERED:

The following witnesses not identified in interrogatory responses are not permitted to testify except as specified below:

1. Cathy Barryman of the California Dept. of Insurance.
2. Warren Clark of the Workers Compensation Industrial Rating Bureau ("WCIRB").
3. Brian Gray of the WCIRB.
4. Eric Riley of the WCIRB.
5. Keith White of Dowling Aaron & Keeler.
6. Michelle R. Bettiga of Dowling Aaron & Keeler.
7. Neil Jorgenson of The Island Waterpark, although he may be permitted to testify as a custodian of records only for limited foundational purposes.
8. John Day of Aon.
9. Gregory C. Case, President and CEO of Aon Corporation.
10. David P. Bolger, executive vice president of Aon.
11. Daniel F. Hunger, senior vice president of Aon.
12. Tom Lewis of USF&G.
13. Glenn Anderson of USF&G.
14. John Thomas of USF&G.
15. Adrian Calderon, Darren Hammond and Edward Matinzo of The Island, unless circumstances arise where Lee can demonstrate the relevance of testimony of those employees to a specific issue.
16. GAB employees Diana Beath, Denise Brown, Gertrude

        Carter, R. Hosha, Lee Jordan, K. Ozmet, unless a specific demonstration is made in advance that the testimony of any such witness is necessary.

17. Robert Vines of the Law Firm of Rose Klein & Marius LLP, counsel for Diana Conley, unless there is a specific demonstration of an unanticipated issue.
18. Jason Brown of American Specialty.
19. Maya Guly of GAB.
20. Mark Katz of Jacobs & Solomon.
21. Peter Eshelman, Dan Weir, David Harris, Mindy Dawson and Grace Moore of American Specialty.
22. Brenda Keyes of WCIRB.
23. Amy Riggers of American Specialty.
24. Bill Shaeffer, P.A., unless Lee establishes that he is one of the treating physicians for one of the three witnesses previously identified by Lee in support of its waiver contention.
25. Thomas Rodell
26. Teri Leon
27. Keith Kuzmich

The following exhibits identified in the Joint Pretrial Order may not be introduced into evidence:

1. The bills of Lee's bankruptcy counsel.
2. Lee's documents constituting "Documentary Evidence of Lost Profits."
3. Lee's documentary evidence of losses resulting from inaccurate experience modification.

3

    4.    Agency Agreement(s) in effect between USF&G and Aon in 1998 and 1999.

    5.    The "State Rate Adequacy Summary in Indiana."

    6.    "Rate Revision Summary, Industrial Indemnity/Fremont Rate change, Indiana."

    7.    "Industrial Indemnity Annual Audit Summary for Camelot Park Family Entertainment."

    8.    The annual financial reports of USF&G and American Specialty for 1998 through 2006 and the annual profit and loss statements for USF&G and American Specialty for 1998 through 2006, except that the most recent financial report of USF&G and American Specialty, if any, is not barred.

It is further ordered that the admissibility of documents as to Lee's other litigation expenses not included in the legal bills of Dowling Aaron & Keeler will be ruled upon after the litigation expenses are marked as exhibits.

DATED: February 1, 2007.

                                                       _/s/ OLIVER W. WANGER_____
                                                            Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE

usf&gs order on mtn in limine 13