# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEE INVESTMENTS LLC d.b.a THE ISLAND, a California limited liability company and DIANA CONLEY, an individual,<br><br>　　　　Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY COMPLAINTS.<br>_____ | 1:99-cv-5583 OWW SMS<br><br>ORDER GRANTING MOTION IN LIMINE NO. 15 OF USF&G AND AMERICAN SPECIALTY TO EXCLUDE DOUBLE HEARSAY TESTIMONY AS TO ALLEGED POSITION OF AMERICAN SPECIALTY, TO EXCLUDE HEARSAY AND IRRELEVANT TESTIMONY OF THIRD PARTIES CONCERNING UNDERWRITING ON PRIOR POLICY AND TO EXCLUDE THE VAGUE AND PREJUDICIAL AND IRRELEVANT USE OF THE TERM "CONSTRUCTION-LIKE" |

　　　On January 18, 2007, Motion in Limine No. 15 of Plaintiff, Counterdefendant and Counterclaimant United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services, Inc. ("American Specialty") to exclude double hearsay testimony of Lisa Ehrlich, to exclude prejudicial and irrelevant hearsay testimony of a third party as to the underwriting position of American Specialty and to exclude the use of the prejudicial and ambiguous term "construction-like," came on for

hearing before the Honorable Oliver W. Wanger, United States District Judge.  After having considered the motion and moving papers submitted by USF&G and American Specialty and memorandum of points and authorities in opposition of Lee Investments LLC ("Lee") and Aon Rick Services, Inc. of Central California Insurance Services ("Aon") and after oral argument,

IT IS ORDERED:

Motion in Limine No. 15 is granted.

1. The hearsay testimony of Lisa Ehrlich that Joanne Moore of Aon told her that an unspecified person at American Specialty said that water slide construction was covered under an amusement park classification is inadmissible hearsay and is so inherently prejudicial and unreliable that the Court exercise its discretion under Rule 403 of the Federal Rules of Evidence to find that such testimony is prejudicial, confusing and that its misleading effect totally outweighs its evidentiary value.  The Court precludes such testimony as an admission or statement of either American Specialty or USF&G.  To the extent that Lee is permitted to introduce the alleged statement of Joanne Moore, Aon's rights to fully cross-examine Lisa Ehrlich (or any other witness asserting this statement) are preserved in full, notwithstanding that the statements are not otherwise admissible.  This ruling does not preclude the same evidence from being admitted against Aon or to show Lee's state of mind, Lee's conduct in response to this statement, and what the contract means and what Lee and Aon intended.

2. Counsel, the parties, and witnesses shall not use the term "construction-like" because it is an argumentative term and

1 | confusing in the context of the case and is not a term utilized
2 | in the ordinary course of the workers compensation insurance
3 | industry.
4 |     3.   The hearsay evidence of third parties concerning
5 | underwriting of American Specialty on a prior policy, including
6 | but not limited to a memorandum dated July 7, 1998, by Joey
7 | Roberts of Industrial Indemnity, is excluded from evidence on the
8 | grounds that such statements are irrelevant, hearsay and lacking
9 | in foundation and is prejudicial and counsel, witnesses and the
10 | parties shall not seek to introduce it into evidence or refer to
11 | such testimony or evidence.

DATED:  February 1, 2007.

                                                _/s/ OLIVER W. WANGER_____
                                                  Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE

usf&gs order on mtn in limine 15