UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>LEE INVESTMENTS, LLC dba THE ISLAND, a California limited liability company, and DIANA CONLEY, an individual,<br><br>　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINANTS. | **Case No. 1:99–cv 5583 OWW SMS**<br><br>**ORDER ON AON'S MOTION TO AMEND PRE-TRIAL ORDER** |

Upon the agreement of the parties, the oral motion of Aon Risk Services, Inc. of Central California Insurance Services ("Aon") to modify the pre-trial order to permit Margaret Parker and/or Matthew Covington to testify as witnesses in the Court phase of the trial, came on for telephonic hearing at 1 p.m. on March 30, 2007 in the above-referenced Court, the Honorable Oliver W. Wanger presiding. Matthew Covington, Esq. appeared for Aon. Keith White, Esq. appeared for Lee

Investments, LLC ("Lee"), and Bruce Smyth appeared for United States Fidelity & Guaranty Company ("USF&G") and American Specialty Insurance Services ("American Specialty").

Upon considering the arguments of counsel, the Court hereby finds and orders as follows.

1. The Pre-Trial Order is hereby modified to permit Matthew Covington and/or Margaret Parker to testify at the Court trial concerning attorneys' fees and costs claimed by Aon in this matter.

2. The Court finds that this modification is in the interests of sound judicial administration and in the interests of justice, and is necessary to prevent manifest injustice, for the following reasons:

   a) Changed circumstances make the modification appropriate. When the Pre-Trial Order was being drafted the entire case (including the attorneys' fees issue) was scheduled to be tried to the jury. Because it would have been inappropriate to have trial counsel testify as witnesses in a jury trial, Aon reasonably did not list Mr. Covington or Ms. Parker as trial witnesses at that time, and they instead listed an associate attorney (Steve Chiari) as a witness. Circumstances changed part way through the trial when all parties stipulated that the attorneys' fees issue would be tried to the Court. Because Ms. Parker and Mr. Covington are quite familiar with the background facts in this matter, it would be most efficient for one of them to testify.

   b) The amendment will not prejudice or surprise any party. Well prior to trial, Lee knew that Aon would call an attorney witness (then Mr. Chiari) to testify about its attorneys' fees. Also, during oral proceedings in this matter at the end of February 2007, Aon's counsel mentioned in open court that either Mr. Covington and/or Ms. Parker planned to testify at the Court trial in this matter, and no party objected.

c) Should this amendment not be allowed, Aon would necessarily suffer some prejudice since it would incur additional attorneys' fees and costs in having Mr. Chiari prepare to testify and testify. The Court also notes that Aon has a claim against Lee for attorneys' fees in this matter. Accordingly, allowing the amendment will avoid prejudice to Lee since it will reduce the amount of Aon's claim for fees against Lee.

3. The Court finds that it will not draw any positive or adverse influences from the fact that Mr. Covington and/or Ms. Parker (as trial counsel) will testify for Aon.

4. This Order is without prejudice to any party applying for an order modifying the Pre-Trial Order in other respects.

IT IS SO ORDERED.

Dated: __April 5, 2007__          __/s/ Oliver W. Wanger__
emm0d6                            UNITED STATES DISTRICT JUDGE