Jeffrey A. Charlston (State Bar No. 065427)
Bruce T. Smyth (State Bar No. 089171)
CHARLSTON, REVICH & WOLLITZ LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Telephone: (310) 551-7000
Facsimile: (310) 203-9321

Attorneys for Plaintiff and Counterdefendant
United States Fidelity & Guaranty
Company and Counterdefendant American
Specialty Insurance Services, Inc.

Margaret L. Parker (Bar No. 129897)
Matthew S. Covington (Bar No. 154429)
Stephen A. Chiari (Bar No. 221410)
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA  94107-1957
Telephone: (415) 836-2500
Facsimile:   (415) 836- 2501

Attorneys for Third-Party Defendant
Aon Risk Services, Inc. of Central
California Insurance Services

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>LEE INVESTMENTS LLC dba THE ISLAND, et al.,<br><br>             Defendants.<br><br>AND RELATED THIRD PARTY COMPLAINTS AND COUNTERCLAIMS | CASE NO. CIV F-99 5583 OWW-SMS<br><br>ORDER DENYING MOTION OF LEE INVESTMENTS LLC FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b) (Document 703) |

The Court having considered the motion of Lee Investments LLC (hereinafter "Lee") for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), which motion was made on the ground that no reasonable jury would have a legally sufficient evidentiary basis to find for United States Fidelity & Guaranty Company (hereinafter "USF&G) and Aon Risk Services, Inc. of Central California Insurance Services (hereinafter "Aon"); and

The Court having considered the arguments and authorities of Lee in support of said motion, and the arguments and authorities of USF&G and Aon in opposition to said motion; and

The Court having filed on March 18, 2008, it's Memorandum Decision Denying Lee Investments LLC's Motion For Judgment Pursuant To Rule 50(b), Federal Rules of Civil Procedure (Doc 703) (hereinafter "Memorandum Decision") which sets forth the rulings of the Court on said motion in detail, the substance and content of which Memorandum Decision are incorporated herein by this reference,

IT IS ORDERED:

1. Lee's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) is DENIED on all grounds, including, without limitation, Lee's arguments that:

a. Matt Sackett's August 11, 1988 letter (Exhibit 833) was allegedly a condition or exception limiting insurance coverage, and was required to be, but was not as a matter of law, clear, plain and conspicuous;

///

///

  b.  USF&G failed to require Lee to provide a signed and completed application for the workers' compensation insurance policy issued by USF&G;

  c.  USF&G and Aon were allegedly required to show, but failed to show, that Lee's employees were engaged in activities outside of the workers' compensation classification codes contained in the workers' compensation policy issued to Lee by USF&G; and

  d.  As a matter of law, Lee did not make a misrepresentation to Aon, Lee did not intend to induce any reliance by Aon on a misrepresentation, and no reliance of Aon was a substantial factor in causing harm to Aon, and there was no legally sufficient evidence for a reasonable jury to find Lee liable to Aon for the commission of a "tort of another" or for Aon's attorney's fees and costs under that doctrine.

Dated:  November 10, 2008

               /s/ Oliver W. Wanger
               Oliver W. Wanger
               United States District Judge