Jeffrey A. Charlston (State Bar No. 065427)
Bruce T. Smyth (State Bar No. 089171)
CHARLSTON, REVICH & WOLLITZ LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067
Telephone: (310) 551-7000
Facsimile: (310) 203-9321

Attorneys for Plaintiff and Counterdefendant
United States Fidelity & Guaranty
Company and Counterdefendant American
Specialty Insurance Services, Inc.


Margaret L. Parker (Bar No. 129897)
Matthew S. Covington (Bar No. 154429)
Stephen A. Chiari (Bar No. 221410)
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA  94107-1957
Telephone: (415) 836-2500
Facsimile:  (415) 836- 2501

Attorneys for Third-Party Defendant
Aon Risk Services, Inc. of Central
California Insurance Services

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>LEE INVESTMENTS LLC dba THE ISLAND, et al.,<br><br>                    Defendants.<br><br>AND RELATED THIRD PARTY COMPLAINTS AND COUNTERCLAIMS | CASE NO. CIV F-99 5583 OWW-SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION OF LEE INVESTMENTS LLC TO VACATE PARTIAL JUDGMENT ON JURY VERDICT UPON MULTIPLE CLAIMS INVOLVING MULTIPLE PARTIES OR TO ALTER OR AMEND PARTIAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e), 60(a) and 60(b) (Document 704) |

The Court having considered the motion of Lee Investments LLC (hereinafter "Lee") for an order vacating the "Partial Judgment on Jury's Verdicts Upon Multiple Claims Involving Multiple Parties" (hereinafter "Patrial Judgment") entered herein or, in the alternative to alter or amend the Partial Judgment, which motion is made pursuant to Federal Rules of Civil Procedure 59(e), 60(a) and 60(b); and

The Court having considered the arguments and authorities of Lee in support of said motion, and the arguments and authorities of United States Fidelity & Guaranty Company (hereinafter "USF&G") and Aon Risk Services, Inc. of Central California Insurance Services (hereinafter "Aon") in opposition to said motion; and

The Court having filed on March 18, 2008, it's "Memorandum Decision Granting In Part and Denying In Part Lee Investments LLC's Motion To Vacate Partial Judgment On Jury Verdict Upon Multiple Claims Involving Multiple Parties Or To Alter Or Amend Partial Judgment Pursuant To Rules 59(e) and 60(a) & (b), Federal Rules of Civil Procedure (Doc. 704)" (hereinafter "Memorandum Decision") which sets forth the rulings of the Court on said motion in detail, the substance and content of which Memorandum Decision are incorporated herein by this reference,

IT IS ORDERED as follows:

1. Lee's motion based on the contention that the Partial Judgment is void and should be vacated on the ground that exclusive jurisdiction over the subject matter of this action lies with the California Workers' Compensation Appeals Board is DENIED;

2. Lee's motion based on the contention that Lee is entitled to judgment as a matter of law on the ground that exclusive jurisdiction over the subject matter of this action lies with the California Workers' Compensation Appeals Board is DENIED;

1       3. Lee's motion based on the ground that USF&G failed to comply with California
2 law requiring any limitation on coverage afforded under a workers' compensation to be by
3 an approved form of endorsement, and Lee's argument that the Partial Judgment should be
4 vacated, altered or amended on that ground, is DENIED;

6       4. Lee's motion based on the contention that a workers' compensation policy
7 cannot be rescinded, but can only be cancelled in accordance with California Insurance
8 Code §676.8, is DENIED;

10       5. Lee's motion based on the ground that Matt Sackett's August 11, 1988 letter
11 (Exhibit 833) was allegedly a condition or exception limiting insurance coverage, and was
12 not, as required by law, clear, plain and conspicuous, is DENIED;

14       6. Lee's motion based on the contention that Christy Platt's August 12, 1998 letter
15 to Matt Sackett and related communications should have been excluded from evidence
16 under the parol evidence rule is DENIED;

18       7. Lee's motion based on the contention that USF&G failed to require Lee to
19 provide a signed and completed application for the workers' compensation insurance
20 policy issued by USF&G, and Lee's argument that the Partial Judgment should be vacated,
21 altered or amended on that ground, is DENIED;

23       8. Lee's motion based on the ground that USF&G and Aon were allegedly required
24 to show, but failed to show, that Lee's employees were engaged in activities outside of the
25 workers' compensation classification codes contained in the workers' compensation policy
26 issued to Lee by USF&G is DENIED;
27 ///
28 ///

     9.  Lee's motion based on the ground that there was no legally sufficient evidence for a reasonable jury to find that Lee made misrepresentations to Aon, that Lee intended Aon to rely on them, and that Aon relied on them, causing it damages, and that Lee is liable to Aon under the "tort of another" doctrine is DENIED, subject to allocation of recoverable attorneys' fees and costs under the "tort of another" doctrine;

     10.  Lee's motion to amend the Partial Judgment to require USF&G to return all premiums paid by Lee is DENIED as premature;

     11.  Lees motion to amend the Partial Judgment by changing references therein from Rule 55(b) of the Federal Rules of Civil Procedure to Rule 54(b) of the Federal Rules of Civil Procedure is GRANTED *nunc pro tunc*;

     12.  Lee's motion to amend the Partial Judgment to reflect that Lee did not stipulate to the inclusion of an alter ego claim against Richard Ehrlich, et al., but to instead reflect that USF&G was allowed to amend its Complaint to add alter ego allegations against Richard Ehrlich, which claims were severed for trial by Order filed on July 18, 2006 (Document 256, pp. 12-16), is GRANTED *nunc pro tunc*;

     13. Lee's motion to amend the Partial Judgment to reflect that Lee did not stipulate to any determination of claims as to Diana Conley is GRANTED *nunc pro tunc*;

     14.  Lee's motion based on the ground that entry of partial judgment against it for restitution is premature is DENIED; and

///
///
///
///

1       15.  Lee's motion to clarify that the issue of whether USF&G breached a duty to
2  defend in the WCAB proceedings and in this action is not among the issues disposed of by
3  the Partial Judgment and is reserved for resolution in a future proceeding is GRANTED.

IT IS SO ORDERED.

**Dated:   November 20, 2008**              /s/ Oliver W. Wanger
                                                        UNITED STATES DISTRICT JUDGE