IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY,<br><br>            Plaintiff,<br><br>       vs.<br><br>LEE INVESTMENTS LLC dba THE ISLAND, et al.,<br><br>            Defendants. | No. CV-F-99-5583 OWW/SMS<br><br>MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR CERTIFICATION OF JUDGMENT PURSUANT TO RULE 54(b), FEDERAL RULES OF CIVIL PROCEDURE (Docs. 885 & 886) |

Before the Court are the motions for certification of judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, filed by Plaintiff and Counter-Defendant United States Fidelity & Guaranty Company ("USF&G"), Counter-Defendants American Specialty Insurance Services, Inc. and American Specialty Risk Management, LLC) ("American Specialty"), and Third-Party Defendant Aon Risk Services of Central California Insurance Services (Aon). These motions are opposed by Lee Investments LLC (Lee).

1     **Rule 54(b) provides in pertinent part:**

2         **When more than one claim for relief is
presented in an action ... or when multiple
parties are involved, the court may direct
the entry of a final judgment as to one or
more but fewer than all of the claims or
parties only upon an express determination
that there is no just reason for delay and
upon an express direction for the entry of
judgment.**

**In certifying an appeal pursuant to Rule 54(b), the district court must first determine that it has rendered a "final judgment," i.e., a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"** *Curtiss-Wright Corp. v. General Electric Co.*, **446 U.S. 1, 7 (1980).**

**The court must then decide whether there is any just reason for delay.  Factors that must be considered are judicial administrative interests as well as the equities involved.** *Curtiss-Wright, supra*, **446 U.S. at 8.  The Supreme Court considered whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment would inflict severe financial harm.** *Id*. **at 5-6.**

**In considering judicial administrative interests, the district court may properly consider (a) the separateness of the**

claims for relief and whether the claims are separable, and (b) whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright, supra.* As explained in *General Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1030 (9th Cir. 1994):

> Although '[n]o precise test exists for determining whether there is a just reason to delay,' ... this court has articulated the following 'nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination':
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

In *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880-882 (9th Cir. 2005), the Ninth Circuit cautioned that the interrelationship of the facts is critical to a Rule 54(b) determination:

> [T]he practical effect of certifying the constructive discharge issues in this case is to deconstruct her age discrimination action so as to allow piecemeal appeals with respect to the same set of facts. On one theory the facts might show that GCC Bend constructively discharged Wood because of her age and

3

      opposition to the company's age discrimination; on another theory, they might show that she was demoted for the same reasons. Either way, her legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated facts. This impacts the sound administration of justice.

      Another way of looking at the same thing is that certification in this case effectively severs trial on different theories of adverse treatment arising out of the same factual relationship. There is little doubt that severance in a straightforward case such as this would never occur as it would strain, rather than serve, the interests of sound judicial administration. This is yet another indicator that the issues and claims at stake are not truly separable, and should not be separated artificially, for purposes of Rule 54(b).

      We do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not. Both the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, counterclaims are involved that arise out of the same transaction or occurrence as the certified claim, or the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims. However, the circumstances in this case are not similar to those in which certification has been approved even though the remaining claims entail proof of the same facts involved in the claims that have been dismissed. This is neither a complex case nor one in which the only remaining claim is a counterclaim; the factual issues overlap entirely - not just substantially; and the only legal right asserted is the right not to be discriminated against on account of age. In these circumstances, the guiding principle is that '[a] similarity of legal or factual issues will weigh heavily against entry of

4

>                judgment [under Rule 54(b)] ....' ....
>
>                The greater the overlap the greater the
>                chance that this court will have to revisit
>                the same facts - spun only slightly
>                differently - in a successive appeal.  The
>                case-load of this court is already huge.
>                More than fifteen thousand appeals were filed
>                in the last year.  We cannot afford the
>                luxury of reviewing the same set of facts in
>                a routine case more than once without a
>                seriously important reason.

In 1999 USF&G filed a complaint against Lee for rescission of a workers' compensation policy on the ground that Lee made misrepresentations in procuring the policy.  Lee answered and counterclaimed against USF&G.  USF&G filed a third party complaint against Aon for indemnity.  Lee filed a counterclaim against Aon alleging *inter alia* claims of fraud and negligence. Aon asserted counterclaims and cross-claims to the third-party complaints of USF&G and Lee.  As to Lee, Aon asserted counterclaims for fraud, negligent misrepresentation, negligence/tort of another, and declaratory relief.  USF&G filed an amended and supplemental complaint, which added alter ego allegations against Richard K. Ehrlich, Rexford Properties, LLC, and Rexford Development Corporation.  The Rexford Defendants answered USF&G's amended complaint and asserted cross-claims against Aon.  Aon answered and asserted the same counterclaims against the Rexford Defendants that Aon had asserted against Lee.

Prior to commencement of trial, the Court ordered that the case would be heard in two phases.  In the first phase, the jury would hear USF&G's rescission claim against Lee, Lee's third-

party complaint against Aon and Aon's counterclaim against Lee. In the second phase of the trial, a separate jury would hear alter ego claims against Richard K. Ehrlich, Rexford Properties, LLC, and Rexford Development Corporation, in the event USF&G prevailed on its rescission and restitution claims.

The first phase of the trial concluded with jury verdicts in favor of USF&G and against Lee and against Lee in every respect on all Lee's claims and affirmative defenses. On March 1, 2007, the Court entered a Rule 54(b) Partial Judgment on Jury's Verdicts Upon Multiple Claims Involving Multiple Parties:

> This case was tried before a jury commencing January 29, 2007, and concluded upon the return, by the jury, of its verdicts on February 26, 2007. The case involves more than one claim for relief, including counter-claims and third-party claims and involved multiple parties. The parties have reserved, by written stipulation and order: USF&G's alter ego claims against Richard K. Ehrlich, an individual, et al., the determination of the amount of attorneys' fees and interest claimed by USF&G; and the claim of Aon Risk Services Inc. of Central California Insurance Services ('Aon') for relief based on the tort of another. All other claims of the parties were adjudicated by the jury, including USF&G's claim for rescission based on fraud; all claims of Lee Investments LLC, dba The Island, a California limited liability company. Any claims as to Diane Conley have been determined by the parties' stipulation.
>
> Due to the prior delay in, complexity and contentiousness of this litigation, to avoid uncertainty and inconsistent verdicts, there is no just reason for delay and partial judgment should now therefore be entered.
>
> Based on the jury's written verdicts returned in open court February 26, 2007, the following verdicts were rendered:

**A.   The jury's verdicts finding in favor of USF&G on its claim for rescission finding fraud and intentional concealment; finding against Lee on all Lee's defenses of statutory waiver, common law waiver, estoppel, unreasonable delay, wrongful conduct, and awarding USF&G restitution damages in the amount of $875,034.99.**

**B.   On Lee's claims against USF&G, American Specialty and Aon, finding in favor of USF&G, American Specialty, and Aon and against Lee on all Lee's claims for fraud/intentional misrepresentation; concealment; conspiracy; negligent misrepresentation; and negligence. Finding against Lee and in favor of Aon on Lee's claim for breach of an oral contract against Aon.  Finding in favor of USF&G, American Specialty and Aon and against Lee on all their defenses to Lee's claims based on fraud of Lee; negligent misrepresentation by Lee; estoppel against Lee; wrongful conduct by Lee; common law waiver against Lee; as to Aon against Lee due to Lee's intentional tort as superseding cause; as to Aon, no unreasonable delay by Lee; and in favor of Aon and against Lee on Aon's defense of assumption of risk.**

**C.   On all Aon's claims against Lee, finding in favor of Aon and against Lee on Aon's claims for intentional misrepresentation, negligent misrepresentation and that Lee was 100% comparatively at fault; in favor of Aon's claim of negligence against Lee; that Aon was not negligent.  Finding in favor of Aon and against Lee on all Lee's affirmative defenses to Aon's claims, including fraud, negligent misrepresentation, estoppel, no wrongful conduct by Aon; no common law waiver by Aon, no unreasonable delay by Aon.**

**Accordingly, on each of these claims and defenses, JUDGMENT IS ENTERED AS FOLLOWS:**

**1.   In favor of USF&G and against Lee for rescission and USF&G shall recover from Lee restitutionary damages of $875,034.99;**

**2.   Against Lee on all Lee's defenses to USF&G'S claims for rescission;**

        3.   Against Lee on all its claims and in favor of USF&G, American Specialty and Aon against Lee and in favor of USF&G, American Specialty and Aon on all their affirmative defenses to Lee's claims;

        4.   In favor of Aon on all its claims and against Lee; and against Lee in favor of Aon on all on [sic] Lee's affirmative defenses to Aon's claims; and

        5.   USF&G, American Specialty and Aon shall recover costs of suit.

    Lee filed an appeal from the Partial Judgment. During the pendency of that appeal, the Court conducted a bench trial on April 4-6, 2007 regarding Aon's damages relating to its claim against Lee for tort of another; USF&G's right to recover restitution of amounts paid pursuant to the workers' compensation policy and of attorneys' fees paid by USF&G to Lee's counsel, Dowling, Aaron & Keeler, as *Cumis* counsel in Diana Conley's workers' compensation proceeding before the California Workers' Compensation Appeals Board; and prejudgment interest on amounts paid to counsel for Lee and on behalf of Diana Conley. The Ninth Circuit dismissed Lee's appeal from the Partial Judgment for lack of jurisdiction.

    The trial Court entered an Order pursuant to stipulation for dismissal of the counterclaims and third-party complaint of USF&G and American Specialty against Aon and the dismissal of Aon's counterclaims against USF&G and American Specialty.

    Lee's post-trial motions for new trial, to alter or amend the Partial Judgment, and for judgment as a matter of law were denied (with minor exceptions not relevant to the resolution of

the instant motions).

The Court granted USF&G's and American Specialty's motion for an injunction enjoining Lee from proceeding with its request for arbitration or other adjudication of USF&G's complaint for rescission before the California Workers' Compensation Appeals Board; granted USF&G and American Specialty's motion for summary judgment on the remaining claims of Lee in Lee's second amended counterclaim and on the claims asserted by the Rexford Parties in their counterclaim and cross-claim; and granted Aon's motion for judgment on the pleadings or summary judgment as to the claims of the Rexford Parties against Aon.

Lee filed a Notice of Appeal of the Order granting the injunction "and from all interlocutory rulings and orders that are inextricably intertwined therewith, or necessary to insure meaningful appellate review." Among the issues raised by Lee on this second appeal is that the Partial Judgment is not final for purposes of res judicata. Lee moved the Ninth Circuit to bifurcate the appeal to consider whether the Partial Judgment is res judicata on the determination of the WCAB as to the rescission of the worker's compensation policy and that other issues be deferred. The Ninth Circuit denied Lee's motion and also denied USF&G and Aon's motion that the appeal be stayed.

Lee's counsel has advised Aon and USF&G that Diana Conley has sued Lee and is demanding that Aon and USF&G tender the claims under the USF&G worker's compensation policy.

On August 5, 2009, the Court issued its Findings of Fact and

Conclusions of Law re the Court Trial conducted on April 4-6, 2007. All issues have now been tried and decided except the alter ego claims of USF&G against the Rexford Defendants.

The moving parties argue that certification under Rule 54(b) is appropriate and necessary because the entirety of the dispute is resolved now that the Court has resolved all the issues tried to it on April 4-6, 2007. With all substantive issues resolved, the moving parties contend, there is be no just reason for delay, which is now approaching ten years. The moving parties contend that USF&G's alter ego claims against the Rexford Parties are entirely severable and need not be decided until the appeal is concluded:

> The alter ego issues have nothing to do with the first phase of this case. The first phase of this case related to the issuance of the insurance policy, the basis for rescission and the negligence, fraud and contract related claims asserted between Lee, USF&G and Aon. In the second phase, the only claims remaining are alter ego claims, and those claims involve the Rexford Defendants, not Lee. Indeed, any judgment in the second phase would not impact Lee, as judgment is sought against the Rexford Defendants, not Lee.

USF&G contends that there is no just reason for delay because the determination of alter ego by this Court could and should be made after the entry of a judgment even if alter ego liability is not alleged in the complaint under California law. *See Katzir's Floor and Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1148 (9th Cir.2004)(permitting the use of California statutory procedure to amend a judgment to add additional judgment debtors

10

under alter ego). USF&G argues that the fact it sought to add the Rexford Parties as alter egos before the trial instead of after the judgment should not make any difference. Further, USF&G contends, if Lee files a bond on its appeal of the certified judgment or pays the judgment amount to USF&G, the determination of alter ego will be unnecessary.

Lee, acknowledging that USF&G could have pursued the Rexford Parties as alter egos after entry of judgment, contends that USF&G has caused "the predicament they now face:"

> Movants, for strategic reasons, named the alter egos as parties to the action prior to trial. Because the alter egos were named prior to judgment, the Final Judgment Rule prevents entry of judgment until the claims against them are finally resolved. Movants made their bed; they should be required to lie in it.

The moving parties argue that, upon resolution of the bench trial, certification under Rule 54(b) will streamline the issues on appeal because it the only means to allow more prompt final resolution on Lee's appeal of the claims against it and preclude duplicative litigation. USF&G argues that entry of judgment under Rule 54(b) is appropriate because it is suffering financial loss from the non-payment of the Partial Judgment by Lee, in that the financial solvency of Lee, who previously threatened to file bankruptcy, is in issue.

Lee argues that the moving parties have not met their burden under Rule 54(b). Lee contends that certification under Rule 54(b) will result in multiple appeals because Lee has already

11

appealed the issuance of the injunction.  Lee argues that the parties have not yet conducted discovery on the alter ego issues:

> The discovery and trial of those issues will likely require delving into how the park was constructed, how the park was operated, how the accident occurred, and the relationship of the parties and entities, all of which either overlap, or have the potential to overlap with factual issues that have already been tried and which may be an issue on appeal.  Thus, certifying the pending ruling would likely result in three separate appeals: 1) the injunction; (2) this certified judgment; and 3) judgment after the alter ego trial.

Lee argues that certification will not streamline or shorten this litigation by eliminating Lee's argument that the Partial Judgment is not final for res judicata purposes:

> While Lee does contend that the judgment was not certified and that as a result it could not support an injunction, Lee contends with equal force that even if it was certified and appealable, under federal and California law applicable to diversity jurisdiction, it would not be final for purpose of supporting an injunction until Movants prevail on appeal.

Lee complains that the Moving Parties do not otherwise explain how certification will streamline or shorten the remaining litigation.

Lee argues that mere delay in payment of a judgment does not compel certification unless the delay results in severe financial harm and contends that USF&G has presented no such evidence.

However, the delay Lee is encouraging is causing extreme prejudice as Lee is attempting to resurrect in the state workers' compensation proceedings, USF&G's rescission and restitution

rights, which have been tried to and decided by a jury, which would undermine the U.S. District Court's jurisdiction and would thwart or defeat the efficacy of the judgment on the jury verdicts that followed a 16 day jury trial and a three day bench trial that has consumed hundreds of hours of the parties' and the Court's time.

The moving parties' motions for certification pursuant to Rule 54(b), Federal Rules of Civil Procedure, are granted based on the specific findings that the requirements of Rule 54(b) are satisfied and that there is no just reason for delay. All claims between Lee, USF&G and Aon have been substantively resolved. The only claim remaining to be resolved in this litigation is USF&G's claim against the Rexford Defendants for liability as the alter ego of Lee, which is wholly collateral to the claims already litigated and resolved in this action, bearing only on enforcement and satisfaction of USF&G's judgment. Preventing the appeal from the judgments entered on the jury verdicts and bench trial decisions from going forward will unnecessarily perpetuate and multiply the litigation in state and federal fora and will frustrate and practically negate the very substantial investment of time and effort by the parties and the Court in this federal litigation for almost ten years. The certification will not result in unnecessary appellate review and review of the adjudicated claims will not be mooted by any future developments in the case.

For the reasons stated:

1. The motions for certification of judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, filed by Plaintiff and Counter-Defendant United States Fidelity & Guaranty Company ("USF&G"), Counter-Defendants American Specialty Insurance Services, Inc. and American Specialty Risk Management, LLC) ("American Specialty"), and Third-Party Defendant Aon Risk Services of Central California Insurance Services (Aon), are **GRANTED**;

2. The Partial Judgment on Jury's Verdicts Upon Multiple Claims Involving Multiple Parties filed on March 1, 2007 and the Judgment entered on August 5, 2009 are certified for appeal pursuant to Rule 54(b), Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Dated:   August 5, 2009**                          /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE