IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) ) ) ) | No. CV-F-99-5583 OWW/SMS |
| | ) ) ) | MEMORANDUM DECISION GRANTING LEE INVESTMENTS' MOTION TO AMEND JUDGEMENT PURSUANT TO |
| Plaintiff, | ) ) | RULE 54(e), FEDERAL RULES OF CIVIL PROCEDURE (Doc. 897) |
| vs. | ) ) ) | AND LEE INVESTMENTS' MOTION TO AMEND AND/OR MAKE ADDITIONAL FINDINGS OF FACT |
| LEE INVESTMENTS LLC dba THE ISLAND, et al., | ) ) ) ) | AND CONCLUSIONS OF LAW PURSUANT TO RULES 52(b) AND 60(a), FEDERAL RULES OF |
| | ) ) | CIVIL PROCEDURE (Doc. 898) |
| Defendants. | ) ) ) | |

On August 18, 2009, Defendant, Counterclaimant and Third Party Plaintiff Lee Investments LLC, and Defendants, Counterclaimants and Cross-Claimants Richard K. Ehrlich, Rexford Development Corporation, and Rexford Properties LLC (collectively referred to as Lee) moved to amend and/or make additional findings of fact and conclusions of law to the "Findings of Fact and Conclusions of Law re Court Trial Held on April 4-6, 2007."

1

Lee also moved to alter or amend the "Judgment Pursuant to Rule 54(b), Federal Rules of Civil Procedure" entered on August 5, 2009 (hereafter August 5, 2009 Judgment).   These motions are opposed by USF&G, American Specialty, and Aon ("Opposing Parties").

A.   <u>Motion to Amend and/or Make Additional Findings of Fact and Conclusions of Law</u>.

Lee moves to amend the "Findings of Fact and Conclusions of Law Re Court Trial Held on April 4-6, 2007," (Doc. 893).

Rule 52(b), Federal Rules of Civil Procedure, provides:

> On a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly.

Motions under Rule 52(b) are primarily designed to correct findings of fact which are central of the ultimate decision; the Rule is not intended to serve as a vehicle for rehearing. *Davis v. Mathews*, 450 F.Supp. 308, 318 (E.D.Cal.1978).  "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon."

Rule 60(a), Federal Rules of Civil Procedure, provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it

1                   is pending, such a mistake may be corrected

2                   only with the appellate court's leave.

        Lee filed a Notice of Appeal from the August 5, 2009

3 Judgment on September 4, 2009.

4        Lee moves to amend the Findings of Fact and Conclusions of

5 Law at page 4 to reflect the amendments to the Partial Judgment

6 on Jury's Verdict made by the "Order Granting in Part and Denying

7 in Part Motion of Lee Investments LLC to Vacate Partial Judgment

8 on Jury Verdict Upon Multiple Claims Involving Multiple Parties

9 or To Alter or Amend Partial Judgment Pursuant to Federal Rules

10 of Civil Procedure 59(e), 60(a) and 60(b)," filed on November 21,

11 2008, (Doc. 862).  The September 21, 2008 Order states:

12               12.  Lee's motion to amend the Partial

13               Judgment to reflect that Lee did not
               stipulate to the inclusion of an alter ego

14               claim against Richard Ehrlich, et al., but to
               instead reflect that USF&G was allowed to

15               amend its Complaint to add alter ego
               allegations against Richard Ehrlich, which

16               claims were severed for trial by Order filed
               on July 18, 2006 (Document 256, pp. 12-16),

17               is GRANTED *nunc pro tunc.*

18               13.  Lee's motion to amend the Partial
               Judgment to reflect that Lee did not

19               stipulate to any determination of claims as
               to Diana Conley is GRANTED *nunc pro tunc.*

20
               ...

21               15.  Lee's motion to clarify that the issue

22               of whether USF&G breached a duty to defend in
               the WCAB proceedings and in this action is

23               not among the issues disposed of by the
               Partial Judgment and is reserved for

24               resolution in a future proceeding is GRANTED.

25        Opposing Parties contend that the motion should be denied

26 because Lee is not prejudiced:

3

> Lee and the Rexford Parties complain that the Partial Judgment lumps the alter ego claims, which were severed by this Court's order, with the damage and interest claims and other matters, which were severed for a separate bench trial, by stipulation *and order*. The clarifying language sought by Lee does not demonstrate clear error or manifest injustice.

The recitation of the procedural background in this action set forth in the Findings of Fact and Conclusions of Law was for informational purposes and does not constitute a Finding of Fact *per se*. Nonetheless, for purposes of clarity and accuracy in this complex action, Lee's motion to amend is GRANTED. The Findings of Fact and Conclusions of Law are amended *nunc pro tunc* to reflect the November 21, 2008 Order.

Lee moves to amend USF&G Finding of Fact No. 8, page 8, line 2 to delete "February, 1998" as the date when Diana Conley was first injured and substitute "February, 1999." Lee also moves to amend USF&G Finding of Fact No. 15, page 9, line 25, to delete "April 16, 1999" as the date USF&G filed its complaint for rescission in this action and substitute "April 26, 1999."

These two amendments to the Findings of Fact and Conclusions of Law pertain to clerical/typographical errors under Rule 60(a). Because Lee filed a Notice of Appeal after filing the motion to amend the Findings of Fact and Conclusions of Law, the Court is precluded by the Rule from correcting these clearly typographical errors without prior leave of the Ninth Circuit. However, in *Catz v. Chalker*, 566 F.3d 839 (9th Cir.2009) the Ninth Circuit held that a motion under Rule 60(a) tolls the time for filing a

notice of appeal until the Rule 60(a) motion is disposed of. In any event, the Ninth Circuit has treated clerical errors, oversights and omissions as if they had been corrected and have not required the formality of a correction by the district court. *Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd* § 2856, p. 252; *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir.1979).  In *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654-655 (9th Cir.1991), the Ninth Circuit ruled:

> [Appellants] correctly argue as a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed ... We have held, however, when a district court attempts to correct a 'clerical error' under Federal Rule of Civil Procedure 60(a) after a notice of appeal has been filed, and the correction does not represent a change of position, but rather simply clarifies the court's intended action, 'a remand to effectuate that intent is matter of "mere form."' ... Courts should not employ the rule to defeat this purpose by 'inducing needless paper shuffling.'

Here, the clerical error correction of these two Findings of Fact to reflect the correct dates simply accurately clarifies the Court's originally intended action.  Lee's motion to amend the Findings of Fact and Conclusions of Law is GRANTED.

    **A.** <u>**Motion to Alter or Amend Judgment**</u>.

    With regard to a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, *Wright, Miller & Kane, supra,* § 2810.1, explains:[1]

---

[1]The District Court retains jurisdiction over motions to alter or amend the judgment filed after notice of appeal is given. *Wright, Miller & Kane, supra,* § 2821.

5

Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.  However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.  There are four basic grounds upon which a Rule 59(e) motion may be granted.  First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.  Second, the motion may be granted so that the movant may present newly discovered or previously unavailable evidence.  Third, the motion will be granted if necessary to prevent manifest injustice.  Serious misconduct of counsel may justify relief under this theory.  Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.  Also, amendment of the judgment will be denied if it would serve no useful purpose. [Footnotes omitted]

Lee asserts that the Court committed clear error in the August 5, 2009 Judgment and that its decision is manifestly unjust.

The August 5, 2009 Judgment states at page 2, lines 1-11:

The parties have reserved, by written stipulation and order: USF&G's alter ego claims against Richard K. Ehrlich, an individual, et al., the determination of the amount of attorneys' fees and interest claimed by USF&G; and the claim of Aon Risk Services Inc. of Central California ('Aon') for relief based on the tort of another.  All other claims of the parties were adjudicated by the jury, including USF&G's claim for rescission based on fraud; all claims of Lee Investments LLC, dba The Island, a California limited liability company.  Any claims as to Diana Conley have been determined by the

6

1    parties' stipulation.

2         Referring to the November 21, 2008 Order, Lee argues that

3    August 5, 2009 Judgment should be amended to reflect the rulings

4    in Paragraphs 12, 13 and 15 of the November 21, 2008 Order.

5         USF&G, American Specialty and Aon ("Opposing Parties")

6    oppose Lee's motion on the ground that the requested amendment is

7    merely technical and does not demonstrate clear error or manifest

8    injustice.

9         Lee replies that a failure to include the *nunc pro tunc*

10   amendments to the Partial Judgment on Jury Verdict is potentially

11   prejudicial because Lee and the alter ego defendants opposed

12   making the alter ego defendants parties to this action.  Lee

13   argues that, without amendment of the August 5, 2009 Judgment,

14   Lee could be precluded from raising on appeal the granting of the

15   motion to add the alter ego defendants.

16        Lee's motion to alter or amend the August 5, 2009 Judgment

17   to reflect these rulings is GRANTED.  The August 5, 2009 Judgment

18   will be revised *nunc pro tunc* to include the November 21, 2008

19   Order corrections.

20        Lee moves to alter or amend the August 5, 2009 Judgment to

21   the extent that it states: "Any claims as to Diana Conley have

22   been determined by the parties' stipulation."  Lee was not a

23   party to the "Stipulation Dismissing Diana Conley From Action

24   Without Prejudice and Order Thereon," filed on January 24, 2001

25   (Doc. 73).

26        Opposing Parties again contend that Lee's motion is merely

7

technical and does not demonstrate clear error or manifest injustice.  Lee was not a party to the stipulation because Lee had no claims against Diana Conley in this action nor did Diana Conley have any claims against Lee in this action.

Lee responds that it will be potentially prejudiced if the amendment to the August 5, 2009 Judgment is not granted.  Lee asserts that Diana Conley filed a civil action against Lee in the Fresno County Superior Court on January 29, 2009, alleging that Lee was uninsured for workers' compensation and that she is entitled to sue Lee under California Labor Code § 3706.  Lee has filed a motion for summary judgment on the ground, among others, that Ms. Conley's action is barred by the statute of limitations. Asserting that Ms. Conley must establish equitable tolling to withstand summary judgment and that two of the elements of equitable tolling are reasonable and good faith conduct in her delay in filing the suit and lack of prejudice to Lee, Lee contends:

> Among other contentions, Lee contends that it was not in good faith and not reasonable for Ms. Conley to wait eight years after she stipulated with USF&G to accept the federal court's ultimate determination the [sic] policy was rescinded before she brought her civil lawsuit against Lee and Lee has been plainly prejudiced by this delay.  So that Lee's contention in this regard in the California courts is not potentially subject to some claim by Conley of waiver by acceptance of the stipulation and is not otherwise inadvertently compromised by this court erroneously stating that Lee agreed to Conley's stipulation with USF&G in 2001, this court should amend the Rule 54(b) Judgment ....

1    Lee's motion to amend the August 5, 2009 Judgment is

2    GRANTED.  The August 5, 2009 Judgment will be revised *nunc pro*

3    *tunc* as to the "Stipulation Dismissing Diana Conley From Action

4    Without Prejudice and Order Thereon" filed on January 24, 2001.

5        Lee moves to alter or amend the August 5, 2009 Judgment on

6    the ground that it erroneously finds in favor of USF&G, American

7    Specialty and Aon on all of their affirmative defenses to Lee's

8    claims.  Lee refers to Question 38A on the "Special Verdict of

9    Trial Jury Re Aon's Claims Against Lee," filed on February 27,

10   2007, (Doc. 685), where the jury answered "no" to USF&G's,

11   American Specialty's, and Aon's affirmative defense: "Did Lee

12   unreasonably delay in asserting the claims against any party?"

13       Lee's motion to amend the August 5, 2009 Judgment is

14   GRANTED.  The August 5, 2009 Judgment will be amended *nunc pro*

15   *tunc* at page 3, line 11 and line 22 and page 4 to delete the

16   statements that the jury found against Lee on the affirmative

17   defense of unreasonable delay.

18       For the reasons stated:

19       1.  Lee's motion to amend and/or make additional findings of

20   fact and conclusions of law to the "Findings of Fact and

21   Conclusions of Law re Court Trial Held on April 4-6, 2007" is

22   GRANTED;

23       2.  Lee's motion to alter or amend the "Judgment Pursuant to

24   Rule 54(b), Federal Rules of Civil Procedure" entered on August

25   5, 2009 is GRANTED.

26       3.  Counsel for Lee shall prepare and lodge a form of order

9

consistent with this Memorandum Decision within five (5) court days of service of this Memorandum Decision.

IT IS SO ORDERED.

Dated:   **September 29, 2009**          _____/s/ Oliver W. Wanger_____
                                         UNITED STATES DISTRICT JUDGE

10