```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                        EASTERN DISTRICT OF CALIFORNIA


UNITED STATES FIDELITY &        )    No. CV-F-99-5583 OWW/SMS
GUARANTY COMPANY,               )
                                )    ORDER GRANTING LEE
                                )    INVESTMENTS LLC'S MOTION TO
                                )    ALTER OR AMEND "JUDGMENT
              Plaintiff,        )    PURSUANT TO RULE 54(b),
                                )    FEDERAL RULES OF CIVIL
          vs.                   )    PROCEDURE" (Doc. 897) AND
                                )    AMENDING JUDGMENT ENTERED ON
                                )    AUGUST 5, 2009 (Doc. 894)
LEE INVESTMENTS LLC dba THE     )    NUNC PRO TUNC
ISLAND, et al.,                 )
                                )
                                )
              Defendants.       )
                                )
_____)
```

For the reasons stated in the Memorandum Decision filed on September 29, 2009 (Doc. 916), Lee Investments LLC's motion to alter or amend the "Judgment Pursuant to Rule 54(b), Federal Rules of Civil Procedure," (hereafter referred to as the August 5, 2009 Judgment; Doc. 894)), entered on August 5, 2009 is **GRANTED**.

The August 5, 2009 Judgment is amended *nunc pro tunc* to delete page 2, lines 1-11, and substitute:

    involved multiple parties.  Amendments to the

Partial Judgment on Jury's Verdict were made by the "Order Granting in Part and Denying in Part Motion of Lee Investments LLC to Vacate Partial Judgment on Jury Verdict Upon Multiple Claims Involving Multiple Parties or To Alter or Amend Partial Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(a) and (60)(b)," filed on November 21, 2008, (Doc. 862).  The September 21, 2008 Order states:

> 12.  Lee's motion to amend the Partial Judgment to reflect that Lee did not stipulate to the inclusion of an alter ego claim against Richard Ehrlich, et al., but to instead reflect that USF&G was allowed to amend its Complaint to add alter ego allegations against Richard Ehrlich, which claims were severed for trial by Order filed on July 18, 2006 (Document 256, pp. 12-16) is GRANTED *nunc pro tunc*.
>
> 13.  Lee's motion to amend the Partial Judgment to reflect that Lee did not stipulate to any determination of claims as to Diana Conley is GRANTED *nunc pro tunc*.
>
> ...
>
> 15. Lee's motion to clarify that the issue of whether USF&G breached a duty to defend in the WCAB proceedings and in this action is not among the issues disposed of by the Partial Judgment and is reserved for resolution in a future proceeding is GRANTED.

The parties reserved, by written stipulation and order: USF&G's alter ego claims against Richard Ehrlich, an individual, et al., the determination of the amount of attorneys' fees and interest claimed by USF&G; and the claim of Aon Risk Services Inc. of Central California Insurance Services ('Aon') for relief based on the tort of another.  All other claims were adjudicated by the jury,

2

including USF&G's claim for rescission based on fraud; all claims of Lee Investments LLC, dba The Island, a California limited liability company.  Any claims by or against Defendant Diana Conley is this action by USF&G and American Specialty have been determined by the stipulation of Diana Conley, USF&G and American Specialty.

The August 5, 2009 Judgment is amended *nunc pro tunc* to delete page 2, line 26 to page 3, line 22 and to substitute:

B.  On Lee's claims against USF&G, American Specialty and Aon, finding in favor of USF&G, American Specialty, and Aon and against Lee on all Lee's claims for fraud/intentional mispresetation; concealment; conspiracy; negligent misrepresentation; and negligence. Finding against Lee and in favor of Aon on Lee's claim for breach of an oral contract against Aon.  Finding in favor of USF&G, American Specialty and Aon and against Lee on all their defenses to Lee's claims based on fraud of Lee; negligent misrepresentation by Lee; estoppel against Lee; wrongful conduct by Lee; common law waiver against Lee; as to Aon against Lee due to Lee's intentional tort as superseding cause; against Aon as to unreasonable delay by Lee; and in favor of Aon and against Lee on Aon's defense of assumption of risk.

C.  On all Aon's claim against Lee, finding in favor of Aon and against Lee on Aon's claims for intentional mispresetation; negligent misrepresentation and that Lee was 100% comparatively at fault; in favor of Aon's claim of negligence against Lee; that Aon was not negligent.  Finding in favor of Aon and against Lee on Lee's affirmative defenses to Aon's claims of fraud, negligent misrepresentation, estoppel, no wrongful conduct by Aon, and no common law waiver by Aon.  Finding against Aon as to unreasonable delay by Lee.

The August 5, 2009 Judgment is amended *nunc pro tunc* to delete page 4, lines 3-7, and to substitute:

3

        3.    Against Lee on all its claims and in favor of USF&G, American Specialty and Aon against Lee and in favor of USF&G, American Specialty and Aon on all of their affirmative defenses to Lee's claims, except the affirmative defense of Lee's unreasonable delay.

In all other respects, the August 5, 2009 Judgement remains in effect as entered on August 5, 2009.

IT IS SO ORDERED.

**Dated:   October 6, 2009**            /s/ Oliver W. Wanger
                            UNITED STATES DISTRICT JUDGE