IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>LEE INVESTMENTS LLC dba THE ISLAND, et al.,<br><br>             Defendants. | No. CV-F-99-5583 OWW/SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART AON RISK SERVICES, INC. OF CENTRAL CALIFORNIA INSURANCE SERVICES BILL OF COSTS (Doc. 701) |

On March 9, 2007, following the entry on March 1, 2007 of the Partial Judgment on Jury's Verdicts Upon Multiple Claims Involving Multiple Parties pursuant to Rule 54(b), Federal Rules of Civil Procedure, (Doc. 681), Aon Risk Services, Inc. of Central California Insurance Services ("Aon") filed a bill of costs.  (Doc. 701).  No objections to Aon's bill of costs was filed by Lee Investments LLC ("Lee").[1]

---

[1] The "Judgement Pursuant to Rule 54(b), Federal Rules of Civil Procedure," filed on August 5, 2009 (Doc. 894), again awarded costs

1

Aon seeks costs of $42,551.08, as follows:

| | |
|---|---:|
| Fees for service of summons and subpoena | $1,140.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $17,431.19 |
| Fees for witnesses | $3,006.56 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $10,609.33 |
| Other costs | $10,364.00 |

All costs are allowed, with the exception of "other costs."

In support of the request for "other costs," Matthew S. Covington, counsel for Aon, avers:

> 6.  The last section on page 4 of the Memorandum of Costs lists 'Other Costs' which include the costs of renting local office space, costs for delivering files to the local office, and Aon's 1/3 portion of the costs of the in-court electronic presenter (Bryan Stanhill) whose services were used by all parties at trial. These costs should be allowed in the interests of justice as provided by Local Rule 54-292(f)(11). During the course of the trial, Lee took certain positions and pursued certain legal tactics which increased the length and complexity of the Pre-Trial Order and the trial. For example, the Pre-Trial Order ultimately exceeded 200 pages and required several hearings with the Court and multiple conferences among counsel to deal with and ultimately was not finalized and signed by the Court until after the trial was completed. Moreover, the jury unanimously

---

to Aon for the jury trial but declined to award costs to Aon for the Court trial because Aon was not a prevailing party in the Court trial.

exonerated Aon of any wrongdoing in the case. by contrast, the jury found that Lee intentionally and/or recklessly made a false statement, or statements, to Aon.  The jury found that Aon relied on these statements (by drafting a letter that ultimately became a main focus of this lawsuit) and that Aon was harmed thereby - by becoming embroiled in this litigation through no fault of its own. For all these reasons, it is in the interests of justice for Lee to reimburse Aon for the small fraction of additional costs of suit that Aon has listed in its Memorandum of Costs.

The Court has no discretion to award these "other costs." In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), the Supreme Court held that, notwithstanding the district court's discretionary under Rule 54(b), Federal Rules of Civil Procedure, to refuse to tax costs in favor of a prevailing party, the district court may not rely on its equity power to tax costs beyond those expressly authorized by 28 U.S.C. § 1920.

Accordingly, Aon's Bill of Costs is taxed at the amount of $32,187.08.

IT IS SO ORDERED.

Dated:   August 2, 2010                   /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE