UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, | CASE NO. CV F 99-5583 LJO SMS |
| Plaintiff, | **ORDER ON PLAINTIFF'S F.R.Civ.P. 41(a)(2) MOTION TO DISMISS** (Doc. 941.) |
| vs. | |
| LEE INVESTMENT LLC, et al., | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Plaintiff United States Fidelity & Guaranty Company ("USFG") seeks F.R.Civ.P. 41(a)(2) dismissal of its remaining alter ego claims against defendants Lee Investment LLC ("Lee Investment"), Richard K. Ehrlich ("Mr. Ehrlich"), Rexford Properties, LLC ("Rexford Properties"), and Rexford Development Corporation ("Rexford Development").[1] USFG prefers to litigate its alter ego and newly alleged fraudulent transfer claims in a stayed Los Angeles County Superior Court action. Defendants claim that prejudice to them precludes USFG's requested dismissal of this federal action. This Court considered USFG's F.R.Civ.P. 41(a)(2) motion to dismiss on the record without a hearing. *See* Local Rule 230(g). For the reasons discussed below, this Court GRANTS USFG F.R.Civ.P. 41(a)(2) dismissal of its

---

[1] Lee Investment, Mr. Ehrlich, Rexford Properties and Rexford Development, the defendants in this federal action, will be referred to collectively as "defendants."

1

remaining claims in this federal action.

## BACKGROUND

### This Federal Action

In 1999, USFG filed this federal action against Lee Investment, Rexford Properties and others for insurance fraud, rescission and reimbursements of amounts USFG paid under an insurance policy in connection with injuries to an employee at the Island Waterpark in Fresno. In 2006, USFG filed its Amended and Supplemental Complaint ("amended complaint") to add alter ego allegations that Mr. Ehrlich, Rexford Properties and Rexford Development were Lee Investment's alter egos.

Retired U.S. District Judge Oliver Wanger's December 21, 2006 order bifurcated USFG's alter ego claims and set a second trial phase for the alter ego claims. After completion of the first trial phase on insurance fraud, a February 28, 2007 partial judgment was entered in favor of USFG and against Lee Investment in the amount of $875,034.99 on USFG's rescission claims. Judge Wanger's August 5, 2009 order certified the partial judgment for appeal. The Ninth Circuit's April 18, 2011 decision affirmed the partial judgment in USFG's favor. After the Ninth Circuit's June 10, 2011 mandate, this federal action remained dormant, Judge Wanger retired, and the parties took no action to address the remaining, bifurcated alter ego claims.

### State Court Action

On January 14, 2013, USFG through new counsel filed in Los Angeles County Superior Court an action entitled *United States Fidelity & Guaranty Company v. Rexford Properties, LLC, et al.*, Case No. BC499060 ("state action") to allege alter ego and fraudulent transfer claims against the defendants in this federal action in addition to new defendants Mr. Ehrlich's estate, given his death, and Lisa Ehrlich ("Ms. Ehrlich"), Mr. Ehrlich's daughter and a California attorney residing in Los Angeles. USFG notes that Ms. Ehrlich appears to own and manage Lee Investment and other entities formerly managed by Mr. Ehrlich but was never a defendant in this federal action. USFG claims that Ms. Ehrlich "is the alter ego of Lee Investment, and has divested Lee Investment of its assets to avoid" USFG's judgment. USFG's

state action complaint:

    1. Seeks alter ego declarations to entitle USFG to pursue satisfaction of the partial judgment awarded in this federal action;

    2. Alleges that Lee Investment owned the Island Waterpark and fraudulently transferred it to Rexford Properties; and

    3. Alleges that defendants conspired to defraud USFG by transferring assets from Lee Investment to Rexford Properties and that some defendants failed to notify creditors of transfers.

The state action complaint alleges two declaratory relief claims to establish alter ego liability and eight claims for violation of the Uniform Fraudulent Transfer Act ("UFTA"), Cal. Code Civ. Proc., §§ 3439, et seq. Defendants characterize the state action to allege facts and claims "nearly identical" to the claims remaining in this federal action. USFG disagrees in that the state court action seeks to collect "a pre-existing money judgment" and "bears little resemblance" to this federal action which produced the judgment.

### State Action Stay

Los Angeles County Superior Court Judge Yvette Palazuelos' July 3, 2013 order stayed the state action "due to forum non conveniens." Rationale for the stay includes the already pending alter ego claims in this federal action, convenience for the parties and witnesses to litigate in the federal action, and need to avoid conflicting rulings and multiplicity of actions.

### DISCUSSION

### F.R.Civ.P. 41(a)(2) Standards

USFG seeks F.R.Civ.P. 41(a)(2) dismissal of its remaining claims in this federal action in favor of the state action where USFG intends to pursue newly alleged claims against Mr. Ehrlich's estate and Ms. Ehrlich and for UFTA violations.

F.R.Civ.P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.

2001). Grant of a F.R.Civ.P. 41(a)(2) dismissal is reviewed under an abuse of discretion standard. *Smith*, 263 F.3d at 975; *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

"Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. "Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 ("need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court.") "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

Factors to determine legal prejudice include "[e]xcessive delay and lack of diligence on the part of the plaintiff in prosecuting the action" and "[i]nsufficient explanation of the need to take a dismissal." *Berg*, 190 F.R.D. at 543.

### **Changed Circumstances**

USFG attributes requested dismissal of this federal action in favor of the state action to changed circumstances, including Mr. Ehrlich's death and addition of his estate as a defendant, new focus on Ms. Ehrlich as the primary defendant and "only defendant . . . of any significance," and new UFTA claims. USFG notes that its state action complaint alleges that Lee Investment and Rexford Properties are alter egos of each other and of Ms. Ehrlich. USFG continues that if dismissal is denied, it will need to seek to file a further amended/supplemental complaint to pursue claims newly raised in the state action complaint. USFG summarizes that "the alter ego claims have changed, the causes of action have changed, and the circumstances have changed."

Defendants respond that extensive discovery and litigation in this federal action should preclude F.R.Civ.P. 41(a)(2) dismissal. Defendants point to extensive depositions of Mr. Ehrlich, Ms. Ehrlich, and defendants' accountant to cover formation and operation of the entity defendants, defendants' ownership interests, financial status, and capitalization, and Island

Waterpark's assets, improvements and ownership. Defendants fear "unnecessary and duplicative costs if the Federal Action is dismissed and they are forced to start over to defend a brand new action in state court."

The state action includes new UFTA claims and new defendant Ms. Ehrlich which are not included in this action. Changed circumstances noted by USFG reflect a new posture as to its claims. Dismissal of this federal action will allow USFG to proceed on its claims in their new posture with minimal delay. Denial of dismissal would require further amendment/supplement of USFG's operative complaint and potential resulting delay.

Defendants' fears as to unnecessary, duplicative discovery are unfounded. Defendants point to no meaningful existing discovery on the key issues in the state court action. The alter ego claims were bifurcated five months before trial in this federal action, and nothing indicates devotion of substantial efforts to the alter ego claims. Alleged facts for the UFTA claims have arisen, at least in part, since bifurcation of the alter ego claims. Logic dictates that the vast majority of existing discovery pertains to alleged insurance fraud in that the alter ego claims were not subject to trial. Moreover, defendants point to nothing to preclude use of existing discovery in the state action if relevant to state action matters.

### **Delay**

Defendants fault USFG's delay to address dismissal of its remaining claims in this federal action. Defendants note that the Ninth Circuit issued its decision to affirm the partial judgment 5½ months prior to Judge Wanger's retirement and that USFG waited eight months after filing the state action to seek dismissal of this federal action.

USFG responds that defendants demonstrate no prejudice from delay in that Lee Investment has paid nothing on the partial judgment and that defendants have contributed to delay by litigating certification of the appeal and "a pointless appeal" to complicate USFG's collection efforts.

USFG delayed 1½ years from the Ninth Circuit mandate to file the state action. Such delay is attributable to changed circumstances and new focus on Ms. Ehrlich as a defendant. Delay appears equally attributable to Ms. Ehrlich and other defendants, particularly if USFG

5

succeeds on its newly alleged fraudulent transfer claims.

## Convenience

Defendants contend that this federal action is more convenient than the state action in that the bulk of evidence and witnesses are in Fresno, the location of the Island Waterpark and its operations and records. Defendants note that all witnesses other than Ms. Ehrlich reside in Fresno.

USFG contends that Fresno's purported convenience fails to warrant dismissal of this federal action. USFG points to *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982), where the Ninth Circuit commented:

> In passing on a plaintiff's request to remove himself from the jurisdiction of the court, the court is not asked to decide whether its jurisdiction is proper and convenient. The District Court, therefore, did not err in failing to consider expressly the doctrine of forum non conveniens in connection with the motion under Rule 41(a)(2).

USFG further questions defendants' ability to predict what evidence will be used in the state action and how USFG will pursue its state action claims.

Since USFG targets Ms. Ehrlich as the key defendant, consideration of her convenience and Los Angeles residence weighs in favor of the state action. Moreover, concerns over inconvenience are mitigated given the already conducted discovery to the extent it is useful in the state action. Convenience of defendants does not warrant denial of dismissal of this federal action. As to overall convenience, USFG is correct that the state action "is in play, the issues are properly framed, and the correct defendants have been named and served.

## Defense Legal Expenses

Defendants contend that dismissal of this federal action should be conditioned on payment of attorney fees to prepare the motion to stay the state action and to oppose dismissal.

A "defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Kock v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Defendants fail to demonstrate that the tasks for which they seek attorney fees recovery were not useful in the parties' continuing litigation. Defendants made a strategic decision, unprovoked by USFG, to seek to stay the state action. Defendants' motion to stay and USFG's

6

1  F.R.Civ.P. 41(a)(2) motion to dismiss address the future litigation of USFG's claims.  As such,
2  efforts devoted to the motions were useful in the continuing litigation.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS USFG F.R.Civ.P. 41(a)(2) dismissal of its remaining claims in this federal action.

IT IS SO ORDERED.

Dated:   **September 17, 2013**              /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE